UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN, GREEN BAY DIVISION

Banta Corporation,

                Plaintiff,

        v.

Honeywell International, Inc.

                Defendant.

No. 05–C-989

**ANSWER**

Defendant, Honeywell International, Inc., for its answer to the complaint filed by Banta Corporation, states as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1.

2.     Admits the allegations in paragraph 2, except states that the allegation in the last sentence of paragraph 2 is a legal conclusion to which no response is required.

3.     Affirmatively states that plaintiff defines the term "Team SRX" in paragraph 3 in two inconsistent ways: both as a "project" and as a "consortium of companies and organizations," rendering the use of the term "Team SRX" in paragraph 3 and in all subsequent paragraphs of the complaint ambiguous. Honeywell denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.

5.     Denies the allegations of paragraph 5.

1    6.    Denies knowledge or information sufficient to form a belief as to the truth
2  or falsity of the allegations in paragraph 6.

3    7.    Denies knowledge or information sufficient to form a belief as to the truth
4  or falsity of the allegations in paragraph 7.

5    8.    Denies knowledge or information sufficient to form a belief as to the truth
6  or falsity of the allegations in paragraph 8.

7    9.    Denies knowledge or information sufficient to form a belief as to the truth
8  or falsity of the allegations in paragraph 9.

9    10.    Denies knowledge or information sufficient to form a belief as to the truth
10 or falsity of the allegations in paragraph 10.

11    11.    Denies knowledge or information sufficient to form a belief as to the truth
12 or falsity of the allegations in paragraph 11.

13    12.    Denies knowledge or information sufficient to form a belief as to the truth
14 or falsity of the allegations in paragraph 12.

15    13.    Denies knowledge or information sufficient to form a belief as to the truth
16 or falsity of the allegations in paragraph 13.

17    14.    Denies knowledge or information sufficient to form a belief as to the truth
18 or falsity of the allegations in paragraph 14.

19    15.    Admits that at times relevant to this action, DiLorenzo was an employee of
20 Jabil Circuit, Inc. and denies knowledge or information sufficient to form a belief as to
21 the truth or falsity of the remaining allegations of paragraph 15.

22    16.    Denies the allegations of paragraph 16.

23    17.    Denies that Honeywell held out DiLorenzo as its employee or agent, admits
24 that DiLorenzo was provided office space at Honeywell's facilities in Florida, that
25 DiLorenzo    from    time    to    time    used    an    email    address    with    the    suffix,
26 "honeywellteamsrx.com," and sent emails from that address to employees of Banta and

1  Honeywell, that Banta employees and DiLorenzo attended several meetings at

2  Honeywell's Clearwater, Florida facility, and denies knowledge or information sufficient

3  to form a belief as to the truth or falsity of the remaining allegations of paragraph 17.

4       18.    Answering paragraph 18, denies knowledge or information sufficient to

5  form a belief as to the truth or falsity of the allegation regarding DiLorenzo's instructions

6  to Banta and denies the remaining allegations of paragraph 18.

7       19.    Denies knowledge or information sufficient to form a belief as to the truth

8  or falsity of the allegations in paragraph 19.

9       20.    Denies knowledge or information sufficient to form a belief as to the truth

10  or falsity of the allegations in paragraph 20.

11       21.    Denies knowledge or information sufficient to form a belief as to the truth

12  or falsity of the allegations in paragraph 21.

13       22.    Admits that Honeywell has not paid any invoices issued by Banta and

14  affirmatively states that Banta is not owed any money by Honeywell with respect to these

15  invoices or otherwise, denies that any Honeywell employee or authorized agent made any

16  such "promises," and denies knowledge or information sufficient to form a belief as to

17  the truth or falsity of the remaining allegations of paragraph 22.

18       23.    Denies the allegations in paragraph 23.

19       24.    Admits that on November 4, 2004, there was a meeting in Honeywell's

20  Clearwater, Florida offices that was attended by Philipose, DiLorenzo, Savino, Margolis

21  and Hibner and denies any remaining allegations of paragraph 24.

22       25.    Denies knowledge or information sufficient to form a belief as to the truth

23  or falsity of the allegations of paragraph 25.

24       26.    Denies knowledge or information sufficient to form a belief as to the truth

25  or falsity of the allegations of paragraph 26.

26

1    27.    Admits that Banta was informed that Honeywell would not pay the invoice

2    presented by Banta at the November 4, 2004 meeting, admits there was discussion about

3    the possibility of Banta issuing an invoice for $250,000, and denies the remaining

4    allegations of paragraph 27.

5         28.    Admits that Banta did not send Honeywell an invoice for $250,000, admits

6    that Banta has demanded payment of approximately $1.4 million and denies knowledge

7    or information sufficient to form a belief as to the truth or falsity of the remaining

8    allegations of paragraph 28.

9         29.    Denies knowledge or information sufficient to form a belief as to the truth

10   or falsity of the allegations of paragraph 29.

First Claim for Relief

Breach of Contract

13        30.    Defendant restates its responses to Paragraphs 1-29 as though fully set forth

14   herein.

15        31.    Denies the allegations of Paragraph 31.

16        32.    Denies the allegations of Paragraph 32.

17        33.    Denies the allegations of Paragraph 33.

Second Claim for Relief

Misrepresentation[1]

20        34.    Defendant restates its responses to Paragraphs 1-33 as though fully set forth

21   herein.

22        35.    Denies the allegations of paragraph 35.

23        36.    Denies the allegations of paragraph 36.

24        37.    Denies the allegations of paragraph 37.

25   _____

     [1] Honeywell files this answer to Banta's Second Claim alleging Misrepresentation in the
26   alternative should Honeywell's Motion to Dismiss the claim pursuant to FRCP 9(b) not be granted.

1    38.    Denies the allegations of paragraph 38.

2    39.    Denies the allegations of paragraph 39.

3    40.    Denies the allegations of Paragraph 40.

### Third Claim for Relief

### Unjust Enrichment

6    41.    Defendant restates its responses to paragraphs 1-40 as though fully set forth

7    herein.

8    42.    Denies the allegations of paragraph 42.

9    43.    Denies the allegations of paragraph 43.

10    44.    Denies the allegations of paragraph 44.

11    45.    Denies each and every allegation in the Complaint, whether express or

12    implied, that is not specifically admitted herein.

13

14    As and for its affirmative defenses, and without conceding that they carry any

15    procedural or evidentiary burdens, defendant alleges:

### First Affirmative Defense

17    46.    Plaintiff's Complaint, and each and every count alleged therein, fails to

18    state a claim against Honeywell upon which relief can be granted.

### Second Affirmative Defense

20    47.    Plaintiff's claims are barred, in whole or in part, because the alleged

21    contract is too vague and ill-defined to be specifically enforced.

### Third Affirmative Defense

23    48.    Plaintiff's claims are barred, in whole or in part, because no Honeywell

24    employee or agent was authorized to enter into the alleged contract with Banta.

### Fourth Affirmative Defense

26

49.     Plaintiff's claims are barred, in whole or in part, because Honeywell did not hold out any employee or other person as having the requisite authority to enter into the alleged contract with Banta.

### Fifth Affirmative Defense

50.     Plaintiff's claims are barred, in whole or in part, because of Banta's knowledge of facts that rendered its alleged reliance on the alleged authority of certain persons to bind Honeywell to the alleged contract unreasonable.

### Sixth Affirmative Defense

51.     Plaintiff's claims are barred, in whole or in part, because of Honeywell's lack of knowledge of all material facts at the time of the November 4, 2004 meeting and at all other times material to this action.

### Seventh Affirmative Defense

52.     Plaintiff's claims are barred, in whole or in part, because of the applicable statute of frauds.

### Eighth Affirmative Defense

53.     Plaintiff's claims are barred, in whole or in part, because of its failure to mitigate damages.

### Ninth Affirmative Defense

54.     Plaintiff's claims are barred, in whole or in part, because of its failure to avoid avoidable consequences.

### Tenth Affirmative Defense

55.     Plaintiff's claims are barred, in whole or in part, because the non-occurrence of certain conditions precedent of any obligation of Honeywell under the alleged contract.

### Eleventh Affirmative Defense

56. Plaintiff's claims are barred, in whole or in part, because the alleged contract was fraudulently procured.

### Twelfth Affirmative Defense

57. Plaintiff's claims are barred, in whole or in part, because of mutual mistake.

### Thirteenth Affirmative Defense

58. Plaintiff's claims are barred, in whole or in part, because Banta assumed the risk that the Department of Defense would not approve the proposed project.

### Fourteenth Affirmative Defense

59. Plaintiff's claims are barred, in whole or in part, because of frustration of purpose.

### Fifteenth Affirmative Defense

60. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to plead fraud with particularity.

### Sixteenth Affirmative Defense

61. Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations were not made by a Honeywell employee.

### Seventeenth Affirmative Defense

62. Plaintiff's claims are barred, in whole or in part, because Banta was aware of facts that rendered its alleged reliance on the alleged representations unreasonable.

### Eighteenth Affirmative Defense

63. Plaintiff's claims are barred, in whole or in part, because Honeywell was misled as to material facts of the time of the alleged representations.

### Nineteenth Affirmative Defense

64. Plaintiff's claims are barred, in whole or in part, because of laches.

### Twentieth Affirmative Defense

65. Plaintiff's claims are barred, in whole or in part, because of unclean hands.

1    Request for Relief

2        WHEREFORE, Honeywell prays for judgment as follows:

3        A.     That this Court enter judgment in favor of Honeywell and against Plaintiffs

4    on the Complaint; and that the Complaint be dismissed with prejudice; and that Plaintiffs

5    take nothing by their Complaint;

6        B.     That Honeywell be awarded its costs of suit in this action; and

7        C.     That the Court grant such other and further relief as it may deem just or

8    proper.

9    Dated:  November 21, 2005.

10                                                   Joseph E. Mais
                                                     PERKINS COIE BROWN & BAIN P.A.
11                                                   2901 North Central Avenue
                                                     Post Office Box 400
12                                                   Phoenix, Arizona 85001-0400

13                                                   LIEBMANN, CONWAY, OLEJNICZAK
14                                                   & JERRY, S.C.

15                                                   By:  /s/ Tony A. Kordus
16                                                          Tony A. Kordus

17        231 South Adams Street
18        P. O. Box 23200
          Green Bay, Wisconsin 54305-3200
19
          Attorneys for Defendant
20

21        *152167*

22

23

24

25

26