UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BANTA CORPORATION,

        Plaintiff,

v.                                             Case No. 05-C-989

HONEYWELL INTERNATIONAL, INC.,

        Defendant.

**ORDER**

Defendant Honeywell has moved to dismiss the plaintiff's negligent misrepresentation claim on the grounds that it is not pled with sufficient particularity, as required by Fed. R. Civ. P. 9(b). Banta, the plaintiff, says the claim *is* pled with particularity but that, even so, negligent misrepresentation claims are not the sort of claims to which Rule 9(b) applies.

I conclude that the claim would likely flunk the particularity requirements contemplated by Rule 9(b). In particular, the complaint simply avers that some unnamed Honeywell employees misrepresented to Banta that a particular individual was a Honeywell employee. (Docket No. 17, Ex. 1, ¶¶ 15-17, 35-37.) Although specific Honeywell employees are named with respect to the statement that the individual *would* be joining the company, there is no further information about how they misrepresented that this person actually was a member of the company at the time they made the misrepresentation. The time frame is similarly vague, encompassing nearly the entire year of 2004. The oft-cited requirement under Rule 9(b) is that the claim must contain the "who, what,

when, where, how" of the misrepresentation, *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990), and this claim does not entirely live up to that standard.

That said, I need not decide that question because I agree with the plaintiff that claims of *negligent* misrepresentation do not fall under Rule 9(b)'s governance. The rule reads: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). First, I note that the considerations underlying the Rule 9(b) particularity requirement–*see* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1296 (3d ed. 2004)–are largely absent when negligent misrepresentation is at issue. For instance, whereas a fraud claim could sully the reputation of the defendant or be used for otherwise vexatious purposes, the same is not true of a negligent misrepresentation claim. Also lacking in such a claim is the fraud requirement of scienter. These differences suggest that a claim of negligent misrepresentation is only a pale simulacrum of a fraud claim, and it is therefore doubtful that such claims were intended to be covered under the Rule.

In addition, because Rule 9(b) is a narrow exception to the otherwise liberal notice pleading regime, I am reluctant to expand the rule beyond its clear text. *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003) ("Rule 9(b) by its terms does not apply to negligent misrepresentation claims.") Other courts in this circuit agree. *See In re Comdisco Ventures, Inc.,* 2005 WL 1377856, *9 (N.D. Ill. 2005)("Unlike intentional misrepresentation, however, negligent misrepresentation is not subject to the heightened pleading standard of Rule 9(b).") (citing *Scibetta v. Rehtmeyer, Inc.,* 2005 WL 331559, at *4 (N.D. Ill. Feb.9, 2005); and *Service Auto Parts, Inc. v. Benjamin & Birkenstein, P.C.,* 2004 WL 2359233, at *2 (N.D. Ill. Oct.19, 2004)). *See also Iles v. Swank,* 2005 WL 1300773, *6 (N.D. Ill. 2005).

2

Accordingly, because I conclude the plaintiff's claim need not satisfy the heightened pleading standards set forth in Rule 9(b), the motion to dismiss is **DENIED**.

**SO ORDERED** this   24th   day of March, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
